

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, MAR 16  P 12: 22
NORTHEASTERN DIVISION

N.D. OF ALABAMA

LOTHA KILGORE, KILGORE          )
EXPRESS                         )
PHARMACY, INC.;                 )
                                )
      Plaintiff,                )
                                )
v.                              )
                                )   Case Number:
BRYAN K. HICKS; NORTH           )   5:20-CV-348-LCB
JACKSON PHARMACY, INC.;         )
BELINDA P. BALLARD; KEATON      )
LANGSTON, ARETE PHARMACY        )
NETWORK, LLC et al.;            )
                                )

      Defendants.

## NOTICE OF REMOVAL

Defendant Bryan K. Hicks ("Hicks") and defendant North Jackson

Pharmacy, Inc. ("North Jackson Pharmacy") hereby give notice of their removal of

*Lotha Kilgore, Kilgore Express Pharmacy, Inc. v. Bryan K. Hicks, North Jackson*

*Pharmacy, Inc., Belinda P. Ballard, Keaton Langston, Arete Pharmacy Network,*

*LLC and Fictious Parties A, B & C*, Civil Action No. 2020-900045, filed in the

Circuit Court of Jackson County[1], Alabama to the United States District Court for

---

[1] Plaintiffs filed multiple state court actions. The Jackson County case, the subject of this removable action, was filed on March 6, 2020. A near identical complaint was filed in Dekalb County, Alabama on February 11, 2020. The Dekalb County action has been dismissed.

the Northern District of Alabama, Northeastern Division. Pleadings filed in the Circuit Court of Jackson County, Alabama, are attached as Exhibit One. This removal is proper pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446. As grounds for this Notice, Hicks and North Jackson Pharmacy state as follows:

## PARTIES AND BACKGROUND

1.      Defendant Hicks and defendant Keaton Langston ("Langston") entered into an asset purchase agreement with plaintiffs Lotha Kilgore ("Kilgore") and Kilgore Express Pharmacy, Inc. ("Kilgore Express Pharmacy") to sell the assets of North Jackson Pharmacy pursuant to the terms of the Sale & Purchase of Assets Agreement ("Asset Sales Agreement") dated October 31, 2019. A copy of this agreement is attached as Exhibit Two.

2.      Hicks, North Jackson Pharmacy, Kilgore, and Kilgore Express Pharmacy are subject to federal laws and regulations governing the distribution of controlled substances. See 21. U.S.C. § 801 *et seq*.

3.      The Asset Sales Agreement contained a protocol to make an adjustment to the inventory component of the purchase price based on the actual inventory contained in North Jackson Pharmacy at the time of closing. *See* Exhibit Two at ¶ 1 G.

4.      The Asset Sales Agreement excluded certain assets ("Excluded Assets") from the transaction. *See* Exhibit Two at ¶ 1.04, and Schedule "Excluded

2

Assets." Included in the Excluded Assets were the accounts receivable of North Jackson Pharmacy.

5.     Plaintiffs filed an Amended Complaint in the Circuit Court of Jackson County on March 6, 2020 against Hicks, Langston, North Jackson Pharmacy, Belinda P. Ballard, Arete Pharmacy Network, LLC and three fictious defendants. A copy of the Amended Complaint ("Complaint") is attached as Exhibit Three. The Complaint alleges breach of contract (¶ ¶ 33-36), conversion (¶ ¶ 37-40), intentional interference with contract (¶ ¶ 41-43), intention interference with business relations (¶ ¶ 44-46), fraud in the inducement (¶ ¶ 47-51), rescission (¶¶ 52-53), conversion (¶¶ 54-57), misappropriation (¶¶ 58-59), theft (¶¶ 60-61), money had and received (¶¶ 62-65) and declaratory judgment (¶¶ 66-67).

6.     The Asset Sales Agreement contained a forum selection section which named the Northern District of Alabama as the proper forum for litigation. *See* Exhibit Two at ¶ 8.05.

## GROUNDS FOR REMOVAL

7.     Under 28 U.S.C. § 1332(a), this Court has federal diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds \$75,000, exclusive of interest and costs.

3

## DIVERSITY JURISDICTION

8.    According to the Complaint Kilgore is a resident of Marshall County,

Alabama. *See* Complaint ¶ 1.  Also according to the Complaint Kilgore Express

Pharmacy is an Alabama Corporation doing business in North Alabama. *See*

Complaint ¶ 2.

9.    As is correctly alleged in the Complaint, Keaton Langston is a

resident of the state of Mississippi. *See* Complaint ¶ 4.

10.   Defendant Keaton Langston is joining this motion and consents to the

removal.

11.   In addition, through information and belief, defendant Arete

Pharmacy Network ("APN") is a Delaware limited liability company whose

principal place of business is located in Phoenix, Arizona.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

12.   The Court has diversity jurisdiction over this case because the amount

in controversy exceeds $75,000.00.

13.   Calculations of the amount in controversy includes both

compensatory and punitive damages. *Bell v. Preferred Life Assurance Soc'y*, 320

U.S. 238, 240 (1943); *Holly Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531,

1535 (11th Cir. 1987). For purposes of establishing the jurisdictional amount in

controversy, multiple claims for relief can and should be considered together in

4

determining [that] amount. 14A WRIGHT AND MILLER, FEDERAL

PRACTICE AND PROCEDURE § 3704 (value of claims are added together to

determine jurisdictional amount). Based on the allegations on the face of the

Complaint, the amount in controversy in the present case exceeds $75,000.00.

14.     Plaintiffs have alleged damages in the amount of $10,000,000 (Ten

Million Dollars) and damages and costs. *See* Complaint ¶ 51.1.

15.     Plaintiffs also claim that $60,000 worth of inventory was returned by

Defendants to the wholesaler. *See* Complaint ¶ 18.

16.     Plaintiffs further claim that an adjustment of the sales price of the

assets of North Jackson Pharmacy should be adjusted downward by $108,000.00.

*See* Complaint ¶ 19.  Thus, the amount in controversy exceeds $75,000, exclusive

of interest and costs. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211

(11th Cir. 2007) ("Under the first paragraph of § 1446(b), a case may be removed

on the face of the complaint if the plaintiff has alleged facts sufficient to establish

the jurisdictional requirements.").

17.     Based on the foregoing, this Court has original jurisdiction pursuant

to the provisions of 28 U.S.C. §1441, *et seq*. Lowery, 483 F.3d at 1211 ("If the

jurisdictional amount is either stated clearly on the face of the documents before

the court, or readily deducible from them, then the court has jurisdiction.").

5

## SUPPLEMENTAL JURISDICTION

18. To the extent that any particular claim against any party may be found not to be within the Court's original jurisdiction, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367, because any such claim would be so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

## REMOVAL IS TIMELY AND PROPER

19. A notice of removal is to be filed within 30 days after the receipt by the defendant of a copy of the initial pleading (28 U.S.C. §1446(b)(1); *Fed. R. Civ. P.* 6(a).

20. Hicks and North Jackson Pharmacy files this Notice of Removal within the thirty-day deadline as required by §1446(b)(1). Defendant Hicks and North Jackson Pharmacy have yet to be served in this case.

21. The United States District Court for the Northern District of Alabama, encompasses the geographic area of the Jackson County, Alabama.

22. Simultaneous with this filing, a copy of the Notice of Removal, along with the Notice of Filing of Notice of Removal, will be filed with the clerk of Jackson County. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit Four.

6

23.    Written notice of this filing will be served upon Plaintiffs and

Defendants Keaton Langston, Arete Pharmacy Network, LLC and Belinda P.

Ballard.

24.    Hicks and North Jackson Pharmacy reserves the right to amend or

supplement this Notice of Removal.

Dated:    March 12, 2020

Respectfully submitted,

*/s/ E. Kirk Wood*
E. Kirk Wood

**OF COUNSEL:**

E. Kirk Wood
Wood Law Firm, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone:  205-612-0243
Facsimile:  866-747-3905
kirk@woodlawfirmllc.com

Michael E. Gurley Jr.
Gurley Law Firm, LLC
P.O. Box 382732
Birmingham, AL 35238-2434
Telephone: 205-538-3975
Facsimile: (877) 267-5245
Michael@GurleyLaw.net

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2020, the foregoing was electronically filed with the Clerk of the Court using the ECF – Pacer system which will send notification of such filing to the following:

Stephen P. Bussman
212 Alabama Avenue South
P. O. Box 680925
Fort Payne, AL 35967
Telephone:  256-845-7900

William B. Tatum, Jr.
Edward E. Wilson, Jr.
Amber D. Courtney
Tatum Wilson, P.C.
301 Randolph Avenue
Huntsville, AL 35801
Telephone:  256-270-2671
tatum@tatumwilson.com

Casey Lott
Langston & Lott, PLLC
100 S. Main Street
Booneville, MS 38829
Telephone:  662-728-9733

/s/ E. Kirk Wood
COUNSEL

8