FILED
2020 Mar-24  PM 06:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA,
NORTHEASTERN DIVISION

| | |
|---|---|
| LOTHA KILGORE, KILGORE EXPRESS PHARMACY, INC.; <br><br> Plaintiff, <br> v. <br><br> BRYAN K. HICKS; NORTH JACKSON PHARMACY, INC.; BELINDA P. BALLARD; KEATON LANGSTON, ARETE PHARMACY NETWORK, LLC et al.; <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case Number: <br> 5:20-cv-348 |

### ANSWER AND DEFENSES OF DEFENDANT, KEATON LANGSTON

COMES NOW the Defendant, Keaton Langston (hereinafter referred to as "Langston"), by and through counsel, and affirmatively denies that Plaintiff is entitled to any relief whatsoever, herewith asserting his defenses and answer to the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should, accordingly, be dismissed under and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant affirmatively pleads all applicable statutes of limitation.

### THIRD DEFENSE

Plaintiffs' claims are the result of, directly related to, their own conduct, actions and/or inactions.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, unjust enrichment, res judicata, judicial estoppel, collateral estoppel, misrepresentation, unclean hands, fraud, satisfaction and/or accord or release.

### FIFTH DEFENSE

Plaintiff's Complaint does not describe the claims asserted against Defendants with sufficient particularity to enable them to determine all of the defenses and/or claims available to them in response. Defendants reserve the right to amend/supplement this Answer and to assert any additional defenses, affirmative or otherwise, and cross-claims and/or counterclaims, which may be discovered during the course of additional investigation and discovery.

Defendant invokes and reserves all applicable rights and defenses created by Rules 8 and 12 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

The Complaint is frivolous, unreasonable and/or groundless, without merit, filed and maintained in bad faith, sanctionable under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, and, therefore, should be dismissed with prejudice and Defendant should be awarded the reasonable attorney's fees, expenses and costs incurred in the defense of this action. Further, Plaintiffs should be sanctioned.

## SEVENTH DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant repeats herein all and singular of the foregoing Answer and Defenses as if fully set forth herein in words and figures, incorporating the same herein by reference for all purposes, and deny each and every allegation of said Complaint except as is hereinafter stated, qualified or admitted and further deny that Plaintiff is entitled to any relief whatsoever, and for answer to the Complaint, paragraph by paragraph, shows unto the Court as follows:

1. Langston is without sufficient information to either admit or deny the allegations contained in paragraph 1, and therefore, denies same.

2. Langston is without sufficient information to either admit or deny the allegations contained in paragraph 2, and therefore, denies same.

3. Based on information and belief, Langston admits the allegations in paragraph 3.

4. Langston admits he is over the age of 19 and resides in the State of Mississippi. Langston denies the remaining allegations in paragraph 4.

5. Langston admits the allegations in paragraph 5.

6. Langston is without sufficient information to either admit or deny the allegations contained in paragraph 6, and therefore, denies same.

7. Langston is without sufficient information to either admit or deny the allegations contained in paragraphs 7 through 16, and therefore, denies same.

8. Langston denies the allegations in paragraph 17 as stated. Langston would affirmatively state that no inventory subject to the purchase agreement was returned.

9. Langston is without sufficient information to either admit or deny the allegations contained in paragraph 18, and therefore, denies same.

10. Langston admits that North Jackson entered into a Pharmacy Accounts Receivable Purchase and Security Agreement with ABFS Capital, LLC. Langston denies the remaining allegations in paragraph 19, and

Langston further denies that said allegations are germane or relevant to the subject transaction or the causes of action set forth in Plaintiffs' Complaint.

11. Langston is without sufficient information to either admit or deny the allegations contained in paragraph 20, and therefore, denies same. Langston further denies that said allegations are germane or relevant to the subject transaction or the causes of action set forth in Plaintiffs' Complaint.

12. Langston denies the allegations in paragraph 21 as stated. Langston further denies that said allegations are germane or relevant to the subject transaction or the causes of action set forth in Plaintiffs' Complaint.

13. Langston is without sufficient information to either admit or deny the allegations contained in paragraph 22, and therefore, denies same. Langston further denies that said allegations are germane or relevant to the subject transaction or the causes of action set forth in Plaintiffs' Complaint.

14. Langston denies the allegations in paragraphs 23 and 24.

15. Langston is without sufficient information to either admit or deny the allegations contained in paragraph 25 and 26, and therefore, denies same.

16. Langston denies the allegations in paragraphs 27 through 47 and that Plaintiffs are entitled to any relief sought therein.

17. Each and every conclusion, allegation and implication not explicitly admitted herein is hereby denied.

AND NOW, having asserted their defenses and answered the Complaint, this Defendant prays that the Complaint be finally dismissed with full prejudice, all costs accrued herein to be borne by Plaintiffs.

Dated: March 24, 2020

Respectfully submitted,

KEATON LANGSTON

By: */s/ Casey L. Lott*
CASEY L. LOTT (LOT007)
Attorney for Keaton Langston

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS  38829-0382
Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: clott@langstonlott.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March, 2020, the foregoing document was electronically filed with the Clerk of this Court using the ECF-Pacer system which will send notice to:

E. Kirk Wood
Wood Law Firm, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-612-0243
Facsimile: 866-747-3905
kirk@woodlawfirmllc.com

Michael E. Gurley Jr.
Gurley Law Firm, LLC
P.O. Box 382732
Birmingham, AL 35238-2434
Telephone: 205-538-3975
Facsimile: (877) 267-5245
Michael@GurleyLaw.net

Stephen P. Bussman
212 Alabama Avenue South
P. O. Box 680925
Fort Payne, AL 35967
Telephone: 256-845-7900

William B. Tatum, Jr.
Edward E. Wilson, Jr.
Amber D. Courtney
Tatum Wilson, P.C.
301 Randolph Avenue
Huntsville, AL 35801
Telephone: 256-270-2671
tatum@tatumwilson.com

*/s/ Casey L. Lott*
OF COUNSEL